1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | JOHN E. HUFFMAN                          )        No. C 10-3398 LHK (PR)
                                             )
12 |            Plaintiff,                    )        ORDER OF DISMISSAL
                                             )
13 |   v.                                     )
                                             )
14 | UNKNOWN,                                 )
                                             )
15 |            Defendant.                    )
   |_____ )

16

17         On August 3, 2010, Plaintiff, a state prisoner proceeding *pro se*, filed a Motion for Court-

18 Appointed Counsel. That same day, the Court sent a notification to Plaintiff informing him that

19 he did not file a complaint, nor a completed in forma pauperis application, nor did he pay the

20 required filing fee.  The Court provided a copy of the in forma pauperis application, along with a

21 return envelope, and a notification that the case would be dismissed if Plaintiff failed to file a

22 complaint, pay the fee, or file a completed application with supporting documentation within

23 thirty days.  In a letter dated August 11, 2010, Plaintiff wrote to the Court explaining that he did

24 not understand why he was required to pay a filing fee or in forma pauperis application when he

25 was merely trying to seek appointment of an attorney.

26         Article III, Section 2 of the United States Constitution restricts adjudication in federal

27 courts to "Cases" and "Controversies."  *See Valley Forge Christian College v. Americans United*

28 *for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  In the absence of an actual

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Huffman398dis.wpd

1   petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for

2   this Court to adjudicate.  *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (§ 2255

3   motion).  Moreover, the Court cannot discern from the filing whether Plaintiff can meet even the

4   most basic requirements for proceeding with a civil rights complaint in federal court and, in

5   particular, in the Northern District, such as proper jurisdiction and venue.  Finally, for the Court

6   to decide whether appointment of counsel is available requires an evaluation of the relative

7   complexity of the issues raised therein; to do so in the absence of an actual complaint would be

8   to give an advisory opinion.  *See id.*  And although, in some instances, a motion may be

9   construed to be a habeas petition or civil rights complaint, the motion will not be so construed

10  here because petitioner has not alleged any grounds for federal relief in his motion. *See id.* at 83-

11  84.  Plaintiff may, of course, raise any grounds he may have for appointment of counsel after he

12  files a federal habeas petition or civil rights complaint.

13        As Plaintiff has not filed a complaint, completed an in forma pauperis application, or paid

14  the filing fee, this case is DISMISSED without prejudice.  The Clerk shall close the file.

15        IT IS SO ORDERED.

16  DATED:     9/27/10                            *Lucy H. Koh*

17                                          LUCY H. KOH
                                            United States District Judge

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.10\Huffman398dis.wpd        2